AO 243 (Rev. 01/15) (Modified for CAND)

# Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody (Motion Under 28 U.S.C. § 2255)

## INSTRUCTIONS

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

5. A filing fee is not required to file a motion to vacate, set aside or correct a federal sentence under 28 USC 2255.

6. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

7. When you have completed the form, send the original and one copy to:
   Clerk, United States District Court
   Northern District of California
   450 Golden Gate Ave.
   San Francisco, CA 94123

8. If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District of Northern California |
|---|---|
| Name *(under which you were convicted)*: Ulysses Valdiosera | Docket or Case No.: 3:19-cr-00564-SI |
| Place of Confinement: Federal Correctional Institution - Forrest City Medium - Arkansas | Prisoner No.: 25990-111 |
| UNITED STATES OF AMERICA V. | Movant *(include name under which convicted)* Ulysses Valdiosera |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court, Northern District of California

   (b) Criminal docket or case number (if you know): CR 19-564 (SI)

2. (a) Date of the judgment of conviction (if you know): 9/11/2020

   (b) Date of sentencing: 9/11/2020

3. Length of sentence: 60 Months (5 Years), 4 Years supervised release, $100 assessment

4. Nature of crime (all counts):

   21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), Possession with Intent to Distribute and Distribution of 5 grams and More of Methamphetamine. A criminal forfeiture allegation was also included in indictment pursuant to 18 U.S.C. § 853

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐ (2) Guilty ☑ (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   Plead guilty to violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), Possession with Intent to Distribute and Distribution of 5 grams and More of Methamphetamine.

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☐

8. Did you appeal from the judgment of conviction? Yes ☐ No ☑

9. If you did appeal, answer the following:

(a) Name of court: ______

(b) Docket or case number (if you know): ______

(c) Result: ______

(d) Date of result (if you know): ______

(e) Citation to the case (if you know): ______

(f) Grounds raised:

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☑

If "Yes," answer the following:

(1) Docket or case number (if you know): ______

(2) Result: ______

(3) Date of result (if you know): ______

(4) Citation to the case (if you know): ______

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised: ______

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket of case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Sentence should be vacated, sat aside, or corrected on the grounds that there is a fundamental defect which inherently resulted in a miscarriage of justice.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The First Step Act and 18 U.S.C. § 3553(f)(1) took effect before Mr. Valdiosera was arrested or sentenced. Mr. Valdiosera was improperly advised by trial defense counsel that he was not eligible for safety valve relief under 18 U.S.C. § 3553(f)(1) which would have allowed him a lesser sentence. Mr. Valdiosera had 7 criminal history points, a prior 3 point offense and no prior 2 point violent offense. The statute requires that a defendant must show they do not have -- (A) more than 4 criminal history points, (B) a prior 3-point offense, and (C) a prior 2-point violent offense to qualify for safety valve relief (all three criteria must be met) .In light of the clarification of the statute in announced by the Ninth Circuit in United States v. Lopez, 998 F.3d 431 (2021), which came out after Mr. Valdiosera's sentencing, Mr. Valdiosera should have been considered for safety valve relief consideration during sentencing but he did not pursue it due to the advice of counsel. Mr. Valdiosera contends that the new statutory interpretation in Lopez is actually a new rule of substantive constitutional law that can be applied retroactively to his sentence (and therefore not barred by the Teague doctrine. It should be applied to vacate, set aside, or correct his sentence pursuant to this 28 U.S.C. § 2255 motion other wise is a miscarriage of justice to sentence a man to a longer term in prison then the law and the legislative intent of the sentencing law intended.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Mr. Valdiosera's sentence is a violation of his Fifth Amendment Equal Protection right

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The First Step Act and U.S.C. § 3553 took effect before Mr. Valdiosera was sentenced on September 11th, 2020. After he was sentenced the Ninth Circuit decided United States v. Lopez, 998 F.3d 431 (2021) which clarified the correct way to read 18 U.S.C. § 3553(f). Basically the court ruled that the "and" means "and" but otherwise did not change the law. If Lopez had been decided before he was sentenced, or if he had been sentenced after Lopez he would have qualified for safety valve relief and recieved a lower sentence then he did. Now, similarly situated defendants with exactly the same criminal history who committed the same offenses as Mr. Valdiosera will qualify for safety valve relief and receive a lighter sentence than Mr. Valdiosera based solely on the date they were sentenced (after the Lopex decision). There is no rational basis for this distinction between defendants. The only distinction is the date they were sentenced which is arbitrary because again, the Lopez decision didnt change the law but merely clarified what it had always been. The intent of the law was to expand eligibility of saftey valve relief to defendants sych as Mr. Valdiosera who qualified but by discriminating against Mr. Valdiosera as oppossed to similarly situated defendants who were sentenced after the Lopex decision, this hinders the legislative intent.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Yes, both grounds in this petition. Sentence should be vacated, sat aside, or corrected on the grounds that there is a fundamentaldefect which inherently resulted in a miscarriage of justice and the sentence as is violates equal protection.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:
Amy Craig

(b) At the arraignment and plea:
Amy Craig

(c) At the trial:
Amy Craig

(d) At sentencing:
Amy Craig

(e) On appeal:
N/A

(f) In any post-conviction proceeding:
N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This Motion is timely. Judgment of conviction became final on September 11th, 2020 and motion has been filed prior to September 11th, 2021.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

to vacate, set aside, or correct his sentence to an appropriately lower sentence then the mandatory minimum sentence that Mr. valdiosera received.

or any other relief to which movant may be entitled.

Christopher Morales

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 9/7/2021 .
(month, date, year)

Executed (signed) on 9/7/2021 (date)

Christopher Morales

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

I, Christopher Morales, am Mr. Valdiosera's Attorney located in California representing him in this matter and have been given authoirty to sign and file this motion on hils behalf. Mr. Valdiosera has not signed this form because he is currently in federal custody in Arkansas.

Print Save As... Add Attachment Reset

CHRISTOPHER F. MORALES (SBN 153152)
Attorney at Law
1388 Sutter St, Suite 805
San Francisco, CA 94109
Telephone: (415) 552-1215
Fax: (415) 674-7643
Email: chris@moralesdefense.com

Attorneys for the ULYSSES VALDIOSERA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br>Plaintiff,<br>vs.<br>ULYSSES VALDIOSERA,<br>Defendant. | Case No.: 3:19-cr-00564-SI<br><br>**PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. CODE § 2255 MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Dept:<br>Date:<br>Time: |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT on the above-noted date, the Petitioner, Mr. Ulysses Valdiosera, by and through counsel, hereby files the following motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## I. INTRODUCTION

Petitioner Mr. Ulysses Valdiosera, through undersigned counsel, hereby respectfully moves this Court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Mr. Valdiosera is currently in federal custody in Arkansas. On September 11th, 2020, this Court sentenced Mr. Valdiosera to five years imprisonment plus four years supervised release, and a

special assessment of $100. This sentence was in accordance with the mandatory minimum of five years of imprisonment required by Federal Sentencing Guidelines for a defendant who was not eligible for safety valve relief under 18 U.S.C. § 3553(f)(1). Mr. Valdiosera has not sought a direct appeal, but respectfully seeks that this Court vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds his current sentencing was improperly influenced by fundamental defect which inherently resulted in the complete miscarriage of justice.

## II. STATEMENT OF FACTS

Mr. Ulysses Valdiosera (hereafter "Mr. Valdiosera") was indicted on October 24th, 2019 by a federal grand jury following a months' long investigation conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereafter "ATF"). During the investigation, Mr. Valdiosera was allegedly observed selling methamphetamine to an ATF Confidential Informant (hereafter "CI") and subsequently selling firearms to the same CI on two other occasions. He was arrested by ATF and homeland security agents on November 13th, 2019 and ultimately agreed to plead guilty to violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), Possession with Intent to Distribute and Distribution of 5 grams and More of Methamphetamine, an offense that carries a five-year mandatory minimum prison sentence.

Almost one year prior to his arrest, the First Step Act was signed into law and became effective on December 21st 2018. The First Step Act amended 18 U.S.C. § 3553(f)(1) by directly expanding the criteria required for a defendant to become eligible for safety valve relief, thereby allowing for even more defendants to qualify for relief. If a defendant qualifies for safety valve relief, it gives the sentencing judge discretion to sentence the defendant to a lesser prison term than the otherwise required mandatory minimum sentence. Specifically, 18 U.S.C. § 3553(f)(1) states that a defendant is eligible for safety valve relief if the defendant does not have.

Prior to sentencing on September 11th, 2020, Mr. Valdiosera's trial counsel Amy Craig advised him that he was not eligible to benefit from safety valve relief. According to Ms. Craig, it was commonly understood that under 18 U.S.C. § 3553(f)(1), a defendant was not eligible for safety valve relief if they had (A) more than four criminal history points, (B) a prior three-point offense, *or* (C) a prior two-point violent offense. Under this interpretation of the statute, if a defendant satisfied (A) and either one of (B) *or* (C), but not necessarily both, then that defendant was barred from safety valve relief. Mr. Valdiosera had a total of seven criminal history points and a prior three-point offense. He does not have a prior two-point violent offense. Therefore he was determined to be barred from safety valve relief for satisfying (A) and (B). Following the advice of counsel, Mr. Valdiosera did not request the court to consider safety valve relief under 18 U.S.C. § 3553(f)(1). Mr. Valdiosera was subsequently sentenced to 60 months (or five years) imprisonment, four years supervised release, and a $100. Mr. Valdiosera began serving his sentence on July 8th, 2021 and is now currently in federal custody in Arkansas.

However, on May 21st, 2021 the Ninth Circuit published its decision in *United States v. Lopez*, 998 F.3d 431 (2021) which clarified how to interpret subdivision (f) of 18 U.S.C. § 3553. The Court held that that in order to be eligible for safety valve relief the defendant needs to show that he does not have (A) more than four criminal history points, (B) a prior three-point offense, *and* (C) a prior two-point violent offense, cumulatively. In other words the defendant is barred from safety valve relief if they satisfy all three requirements of (A), (B), *and* (C), cumulatively. The *Lopez* decision clarified the Ninth Circuit's position on the interpretation of 18 U.S.C. § 3553(f)(1) which to date has been subject to a circuit split.

As mentioned above, Mr. Valdiosera was sentenced to the mandatory minimum sentence allowed of 60 months imprisonment, the lowest possible sentence that the sentencing Judge could give under the law. This was despite the fact that Mr. Valdiosera, on the advice of counsel, did not pursue safety valve relief under the improper belief that he was not eligible. However, in light of the Ninth Circuits decision in *Lopez*, Mr. Valdiosera has filed this timely 28 U.S.C. §

2255 to vacate, set aside, or correct his sentence to a lower sentence then was improperly required by the mandatory minimum at the time of his sentencing.

## III. ARGUMENT

### A. THE NINTH CIRCUIT'S DECISION IN *LOPEZ* ANNOUNCED A NEW RULE OD SUBSTANTIVE LAW THAT SHOULD BE APPLIED RETROACTIVELY TO VACATE, SET ASIDE, OR CORRECT MR. VALDIOSERA'S SENTENCE, OTHERWISE HIS FIFTH AMENDMENT RIGHT TO EQUAL PROTECTION.

28 U.S.C. § 2255(a) allows a petitioner to file a motion to "vacate, set aside or correct" the petitioner's conviction or sentence "upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the Court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or otherwise subject to collateral attack." For an error that is neither jurisdictional or constitutional, a defendant is entitled to § 2255 relief only if the error constitutes "a fundamental defect which inherently results in the complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure. *Hill v. United States*, 368 U.S. 424, 428 (1962); *see Peguero v. United States*, 526 U.S. 23, 27 (199). Upon § 2255 review, a convicted defendant must show both "cause" excusing his double procedural fault, and "actual prejudice" resulting from errors of the trial court. *United States v. Frady* 456 U.S. 152 (1982).

Mr. Valdiosera contends that the Ninth Circuit's decision in *United States v. Lopez*, 998 F.3d 431 (2021) announced a new rule of rule of substantive law and that this new rule can be applied retroactively on collateral attack to vacate, set aside, or correct his sentence. As it stands his sentencing was influenced by a fundamental defect which inherently resulted in a complete miscarriage of justice by subjecting him to a harsher sentence than he otherwise would have been entitled to. Additionally his current sentence violates his Fifth Amendment right to Equal

Protection by intentionally subjecting him to a harsher sentence than other similarly situated defendant's without a rational basis for doing so.

**I. THE RULE ANNOUNCED IN *LOPEZ* IS A RULE OF SUBSTANTIVE LAW AND IS THEREFORE NOT BARRED BY THE TEAGUE DOCTRINE AND MAY BE APPLIED RETROACTIVELY TO VACATE, SET ASIDE, OR CORRECT MR. VALDIOSERA'S SENTENCE.**

In *Teague v. Lane*, 489 U.S. 288, 310 (1989) the United States Supreme Court ruled that new constitutional rules of criminal procedure are not retroactively applicable to cases on collateral review. A four-step analysis must be undertaken to determine whether *Teague* bars relief. First, "because *Teague* by its terms applies only to procedural rules," the court must first determine if the rule on which the movant relies is substantive or procedural. *Bousley v. United States*, 523 U.S 614, 620 (1998). Second, if it is determined that the rule is one of procedure, "the court must ascertain the date on which defendant's conviction and sentence became final for *Teague* purposes," *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994). Third, the court must determine whether a court at that time would have felt compelled by existing precedent to apply the rule the movant propounds. *Id*. Fourth, if the court concludes the rule the movant seeks is both one of criminal procedure and "new," then the court must determine whether either of two *Teague* exceptions apply. *Id*. If the rule is one of criminal procedure and neither exception applies then relief is barred. On the other hand, if the rule is determined to be substantive then *Teague* will not bar relief.

Here, Mr. Valdiosera' conviction and sentence became final on the September 11th, 2020 and by filing this motion prior to September 11th, 2021 it is timely. The new rule announced in *Lopez* is substantive and not procedural and therefore not barred by the *Teague* doctrine nor subject to the rest of the *Teague* doctrine analysis. Finally, Mr. Valdiosera did not raise the issue

safety valve relief at his sentencing because relied to his detriment on the advice of counsel which resulted in him being prejudiced in his sentencing.

### A. THE DECISION IN *LOPEZ* IS RETROACTIVELY APPLICABLE TO CASES ON COLLATERAL REVIEW BECAUSE IT IS SUBSTANTIVE AND NOT PROCEDURAL.

In *Teague v. Lane*, 489 U.S. 288, 310 (1989) the United States Supreme Court ruled that new constitutional rules of criminal procedure are not retroactively applicable to cases on collateral review. However, new rules of constitutional substantive law are not barred by *Teague*, and may be retroactively applied to cases on collateral review. *see Schiro v. Summerlin*, 542 U.S. 348, 353 (2004). "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Id.* at 354. This includes decisions "that narrow the scope of a criminal statute by interpreting terms..." *Id.* at 352. Procedural rules, in contrast regulate the manner of determining the defendant's culpability, they "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Id.* at 352-353

In *Johnson v. United States*, 576 U.S. 591 (2015), the United States Supreme Court struck down a residual clause contained in the Armed Career Criminal Act of 1984 on the grounds that it was overly vague. The Court later confirmed in *Welch v. United States*, 136 S. Ct. 1257, 1265-66 (2016), that by voiding the residual clause as vague, the Court in *Johnson* had announced a new substantive rule that could be applied retroactively on collateral review. The Court reasoned that by striking down the residual clause for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering "the range of conduct or class of persons that the [Act] punishes." *Id.*

The same can be said of the new interpretation of 18 U.S.C. § 3553(f)(1) announced in *Lopez* despite merely being a decision based on statutory interpretation. By requiring that all three criteria of the provision be met, as opposed to only two, *Lopez* directly changes the class of persons that 18 U.S.C. § 3553(f)(1) punishes. Mr. Valdiosera belonged to the ineligible class and was punished accordingly under the previous interpretation. However, if he were sentenced today he would be in a different class of defendant's that qualify for safety valve relief. The *Lopez* decision essentially prohibits a certain category of punishment (or sentence) for a class of defendants because of their status or offense which " 'represents the clearest instance' of substantive rules for which retroactive application is appropriate." *Welch v. United States,* 136 S. Ct. 1257, 1267 (2016). The substantive reach of the statute was greatly expanded to allow for many more defendants to qualify, or vice versa, the Court's interpretation of the terms of the statute narrowed the scope of the statute by allowing for fewer defendants to be barred from relief. The rule announced in *Lopez* is a substantive rule that is not barred by the *Teague* Doctrine and should be applied retroactively to Mr. Valdiosera's collateral review to vacate, set aside, or correct his sentence to a lower term than the mandatory minimum of five years imprisonment.

**B. MR. VALDIOSERA'S CURRENT SENTENCE, AS IT STANDS, VIOLATES HIS FIFTH AMENDMENT RIGHT TO EQUAL PROTECTION BECAUSE IT INTENTIONALLY SUBJECTS HIM TO A HARSHER PUNISHMENT THAN SIMILARLY SITUATED DEFENDANTS WITH NO RATIONAL BASIS FOR DOING SO.**

The Equal Protection Clause of the Fourteenth Amendment states that no state shall "deny to any person within its jurisdiction the equal protection of law." U.S. Const. amend XIV, § 1.The Fifth Amendment due process clause extends this prohibition to the federal government. *see Lee v. City of Los Angeles,* F.3d 668, 688 (9th Cir. 2001). A person can establish an equal protection claim by establishing that he was intentionally discriminated against based on

membership in a protected class or that similarly situated individuals were treated differently without a rational basis for the difference in treatment. *United States v. Armstrong*, 517 U.S. 456, 466 (1996).

Mr. Valdiosera concedes that prisoners are not a suspect classification for equal protection grounds. *see Lee v. City of Los Angeles,* F.3d 668, 689 (9th Cir. 2001). He also does not argue that the federal governments purpose for enacting the First Step Act and the amendment to 18 U.S.C. § 3553(f)(1) was done for a legitimate government purpose. Instead, he argues that he has been intentionally treated differently than others that are similarly situated to him, that here is no rational basis for the difference in treatment, and the difference in treatment does not help to further the federal government's legitimate interests.

Specifically, there is no rational basis for treating defendants' who were sentenced after the First Step Act was enacted in December 2018, but before the *Lopez* decision in May of 2021, differently than defendants sentenced after the *Lopez* decision. Both classes of defendants were sentenced under the same language of U.S.C. § 3553(f)(1) and, in some instances, both classes of defendants may meet the same criteria under the statute but will receive different sentences based solely and arbitrarily on the date when their sentencing took place. The legislative intent of the First Step act was to allow for certain defendants who meet certain criteria to be eligible to receive a lower sentence. The *Lopez* decision greatly expanded who was eligible, not by changing the law, but simply by clarifying the exact meaning of 18 U.S.C. § 3553(f)(1)

. The whole reason the Federal Government enacted the First Step Act and amended 18 U.S.C. § 3553(f)(1) was specifically to allow defendants in Mr. Valdiosera's position to be entitled to safety valve consideration during sentencing. Discriminating against defendants sentenced before *Lopez*, who relied on erroneous advice of counsel, is arbitrary and does nothing to further the legitimate interests of the federal government. In fact, it directly conflicts with the legislative intent by arbitrarily making Mr. Valdiosera ineligible for safety valve relief despite meeting all the criteria to be eligible. For these reasons, Mr. Valdiosera's sentence, as it stands,

violates his Fifth Amendment right to Equal Protection and should be vacated, set aside, or corrected so that he will be treated as those defendants similarly situated to him who received lesser sentences.

## IV. Conclusion

For the foregoing reasons, Mr. Valdiosera' respectfully requests this Court to retroactively apply the new rule announced in *Lopez* to apply consider safety valve relief and vacate, set aside, or correct his sentence to an appropriately lower term. In the alternative, Mr. Valdiosera respectfully requests this Court to find that his sentence as it currently stands violates his Fifth Amendment right to Equal Protection and appropriately vacate, set aside or vacate his sentence pursuant to 28 U.S.C. § 2255.

DATED: September 7th, 2021

By: Christopher Morales
Christopher F. Morales
Attorney for the Defendant