UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>   Plaintiff,<br><br>  v.<br><br>VALDIOSERA,<br><br>   Defendant. | Case No. 19-cr-00564-SI-1<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 45 |

Before the Court is defendant's motion for leave to amend his pending motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 45. For the reasons discussed below, Valdiosera's motion for leave to amend is **GRANTED.** This order does not reach the merits of Valdiosera's third claim, which will be decided along with the rest of his motion to vacate, set aside, or correct his sentence.

**BACKGROUND**

On September 11, 2020, Defendant Ulysses Valdiosera pleaded guilty to a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). Dkt. No. 25. As part of his plea agreement, Valdiosera agreed not to file a collateral attack on his sentence, except that he reserved his right to claim ineffective assistance of counsel. Dkt. No. 25 ¶ 5. He also agreed that the only downward departure he would request was a three-level reduction for acceptance of responsibility. *Id.* ¶ 7. Valdiosera was sentenced to the mandatory minimum of five years' imprisonment followed by four years' supervised release. Dkt. No. 26. He is now serving his sentence. Dkt. No. 32.

According to Valdiosera, he pleaded guilty after being advised by counsel that his criminal history score made him ineligible for relief under the "safety valve" provision of 18 U.S.C.

1  § 3553(f). Dkt. No. 32. The safety valve provision allows a court to impose a sentence below the

2  statutory minimum sentence if the defendant meets several requirements, including a requirement

3  that the defendant does not have:

> (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
> (B) a prior 3-point offense, as determined under the sentencing guidelines; and
> (C) a prior 2-point violent offense, as determined under the sentencing guidelines;

18 U.S.C. § 3553(f)(1). Valdiosera's then-counsel, Amy Craig, interpreted this provision to exclude from eligibility any defendant who met *both* (A) more than four criminal history points, *and either* (B) a 3-point offense, or (C) a 2-point offense. Dkt. No. 32. Craig represented to Valdiosera that this was the "commonly understood" interpretation of 18 U.S.C. § 3553(f)(1). *Id.* Because Valdiosera had seven criminal history points and a prior 3-point offense, he would not qualify for safety valve relief under this interpretation. *Id.*

On May 21, 2021, in *United States v. Lopez*, Ninth Circuit adopted a different interpretation of 18 U.S.C. § 3553(f)(1). 998 F.3d 431, 443–44 (9th Cir. 2021), *pet. for reh'g filed*, No. 19-50305 (9th Cir. Aug. 5, 2021). Specifically, the Ninth Circuit held that the word "and" in § 3553(f)(1) "is unambiguously conjunctive," meaning that the subsection only excludes people from safety valve relief if they meet *all three* of the listed criteria. *Id.* Under this interpretation, Valdiosera would not have been excluded from relief by § 3553(f)(1) because he did not have a prior 2-point violent offense. Dkt. No. 32.

On September 9, 2021, Valdiosera moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 32. He described Craig's representation to him and argued that the new rule was substantive law that should apply retroactively and that allowing his sentence to stand would violate his Fifth Amendment right to equal protection. *Id.* Valdiosera argued that "[d]iscriminating against defendants sentenced before *Lopez*, who relied on erroneous advice of counsel, is arbitrary and does nothing to further the legitimate interests of federal government." *Id.* The government opposed Valdiosera's motion. Dkt. No. 36. Disposition of Valdiosera's motion has been delayed pending a decision on the government's motion for rehearing *en banc* in *Lopez*.

*See* Dkt. No. 50.

On May 6, 2022, Valdiosera moved for leave to amend his § 2255 motion to include an ineffective assistance of counsel claim. Dkt. No. 45. The government opposed, arguing that the motion to amend was untimely, the ineffective assistance of counsel claim is procedurally defaulted as it had not been raised on appeal, and the claim should be denied on the merits. Dkt. No. 46.

**DISCUSSION**

**I.  Valdiosera's ineffective assistance of counsel claim is timely because it relates back to Valdiosera's original claims for relief.**

The government argues Valdiosera's motion to amend is untimely. *Id.* at 3–5. Generally, a defendant must file a § 2255 motion within one year of any of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Valdiosera contends that the motion is timely under § 2255(f)(3) because it was filed within a year of the Ninth Circuit's decision in *Lopez*. Dkt. No. 45. However, subsection (f)(3) specifically refers to recognition of rights "by the Supreme Court." 28 U.S.C. § 2255(f)(3). Because *Lopez* is a Ninth Circuit decision rather than a Supreme Court decision, this subsection does not apply. Valdiosera's amendment is therefore untimely unless it relates back to his original claims.

Alternatively, Valdiosera argues that the amendment "relates back" to the original claims. Dkt. No. 45. Amendment of an application for writ of habeas corpus is governed by Rule 15 of the Federal Rules of Civil Procedure. *Hebner v. McGrath*, 543 F.3d 1133, 1137 (9th Cir. 2008); 28 U.S.C. § 2242 (providing that habeas petition "may be supplemented as provided in the rules of

3

1    procedure applicable to all civil actions."). Rule 15 provides that an amendment made after the
2    statute of limitations has passed "relates back" to the date of the original pleading when it "asserts
3    a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original
4    pleading." Fed. R. Civ. P. 15(c)(1)(B).

5    For new claims to relate back to original claims, there must be "a common core of operative
6    facts uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 646 (2005).
7    The Supreme Court has held that an ineffective assistance of counsel claim did not relate back when
8    the claims "targeted separate episodes, the pretrial police interrogation of [a witness] in his original
9    petition and his own interrogation at a different time and place in this amended petition." *Id.* at 660.
10   Because the incidents were "separate in both time and type," there was no relation back. *Id.* at 645.
11   But relation back does exist "when the claims added by the amendment arise from the same core
12   facts as the timely filed claims." *Id.* at 657.

13   An ineffective assistance of counsel claim relates back to original claims when the
14   ineffective assistance involves the same core facts as the original claims. *See id.* at 658 n.5
15   (observing that "a new legal theory tied to the same operative facts" would relate back). Courts
16   have held that ineffective assistance of counsel claims relate back when they present a new legal
17   theory based on the same facts. *See Fradiue v. Pliler*, 2011 WL 70560 at *13 (surveying cases
18   holding ineffective assistance of counsel claims relate back to other claims). In *Gonzales v. Baca*,
19   the court held that a claim alleging "ineffective assistance with jury instructions relates back to
20   [o]riginal claim . . . alleging error with those same jury instructions." 2007 WL 1174698 at *7 (N.D.
21   Cal. 2007). In *Chism v. Adams*, the court held a claim that counsel mislead petitioner regarding his
22   right to appeal related back to his original claim that trial court mislead him regarding his right to
23   appeal where there was "a close relationship between counsel's and the court's representations."
24   2006 WL 37562109 at *5 (E.D. Cal. 2006).

25   Valdiosera's claim arises out of the same core of operative facts as his original claims.
26   Valdiosera's original motion alleges that counsel incorrectly advised him as to the availability of
27   safety valve relief. Dkt. No. 32. His first claim raises his reliance on the advice of counsel as the
28   reason he did not raise the issue earlier. *Id.* And his second claim alleges that failing to resentence

United States District Court
Northern District of California

him would discriminate "against defendants sentenced before *Lopez*, who relied on erroneous advice of counsel." *Id.* Because Valdiosera's new claim stems from the same core facts as his original claims – namely, that he was misled by counsel as to the availability of safety valve relief and *Lopez* confirmed relief was available – his new claim relates back to his original claims.

## II. Valdiosera's ineffective assistance of counsel claim was not procedurally defaulted.

The government also argues that Valdiosera's new claim is procedurally defaulted because he did not raise it on direct appeal and has not established cause, actual prejudice, or factual innocence. Dkt. No. 46 at 2. To use a § 2255 motion to challenge a claim of error that should have been brought on direct appeal but was not, a defendant must show "both cause to excuse the procedural default, as well as actual prejudice resulting from that error." *United States v. Seng Chen Yong*, 926 F.3d 582, 590 (9th Cir. 2019). However, ineffective assistance of counsel claims "are generally inappropriate on direct appeal" and "normally should be raised in habeas corpus proceedings." *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003) (quoting *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000)). The Supreme Court has held that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought . . . under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). Valdiosera's claim for ineffective assistance of counsel was not procedurally defaulted because he properly raised it in a § 2255 motion. *Id.*

## CONCLUSION

For the foregoing reasons, Valdiosera's motion for leave to amend his pending § 2255 motion is **GRANTED.**

**IT IS SO ORDERED**.

Dated: August 17, 2022

SUSAN ILLSTON
United States District Judge