United States District Court
Northern District of California

1

2

3

4            UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6

7    USA,                                      Case No. 19-cr-00564-SI-1

8              Plaintiff,

9         v.                                   **ORDER DENYING AMENDED**
                                               **MOTION TO VACATE, SET ASIDE,**
10   VALDIOSERA,                               **OR CORRECT SENTENCE**

11             Defendant.                      Re: Dkt. No. 32

12

13        Before the Court is defendant Ulysses Valdiosera's amended motion to vacate, set aside, or

14   correct his sentence pursuant to 28 U.S.C. § 2255.  Dkt. Nos. 32 (motion), 45 (amended motion).

15   For the reasons set forth below, Valdiosera's motion is **DENIED.**

16

17                                   **BACKGROUND**

18        On September 11, 2020, Ulysses Valdiosera pleaded guilty to possession with intent to

19   distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii).  Dkt. No.

20   25.  As part of his plea agreement, Valdiosera waived his right to appeal any aspect of his sentence

21   except for the right to claim that the sentence violated the plea agreement, applicable law, or the

22   Constitution.  Dkt. No. 27 at 3.  He agreed not to file a collateral attack on his sentence, including a

23   28 U.S.C. § 2255 petition, except that he reserved his right to claim ineffective assistance of counsel.

24   Dkt. No. 25 ⁋ 5.  He also agreed that the only downward departure he would request was a three-

25   level reduction for acceptance of responsibility.  *Id.* ⁋ 7.  On September 15, 2020, Valdiosera was

26   sentenced to the mandatory minimum of five years' imprisonment followed by four years'

27   supervised release.  Dkt. No. 26.  He is now serving his sentence.  Dkt. No. 32.

28        Valdiosera's current motion concerns "safety valve relief," a statutory provision permitting

a district court to sentence certain types of criminal defendant without regard to any statutory minimum sentence if the defendant meets the criteria laid out in 18 U.S.C. § 3553(f)(1) through (f)(5). In 2018, the First Step Act amended §3553(f)(1), which concerns the defendant's criminal history. First Step Act of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221. Subsection (f)(1) now excludes from the protections of the safety valve defendants who have:

> (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
> (B) a prior 3-point offense, as determined under the sentencing guidelines; *and*
> (C) a prior 2-point violent offense, as determined under the sentencing guidelines[.]

18 U.S.C. § 3553(f)(1) (emphasis added).[1]

Prior to Valdiosera's plea agreement, his then-counsel, Amy Craig, interpreted this provision to exclude from eligibility any defendant who met *both* (A) more than four criminal history points, *and either* (B) a 3-point offense, or (C) a 2-point offense. Dkt. No. 32. Craig represented to Valdiosera that this was the "commonly understood" interpretation of 18 U.S.C. § 3553(f)(1). *Id.* Because Valdiosera had seven criminal history points and a prior 3-point offense, he would not qualify for safety valve relief under this interpretation. *Id.* Based on his counsel's recommendation, Valdiosera did not request safety valve relief. *Id.*; *see* Dkt. No. 27 at 4.

At the time Valdiosera's attorney advised him, case law interpreting § 3553(f)(1) was scarce and contradictory. An unreported case from the Southern District of California had found that the statute was ambiguous and applied the rule of lenity to interpret § 3553(f)(1) to exclude only defendants who met all three of the listed criteria. *United States v. Lopez*, No. 19-CR-0261-L, 2019 WL 3974124, at *7 (S.D. Cal. Aug. 21, 2019), *aff'd*, 998 F.3d 431 (9th Cir. 2021). On the other hand, an unreported case in the District of Idaho found that the statute unambiguously excluded defendants who met *any one* of the three factors. *United States v. Adame*, No. 1:18-CR-00391-BLW, 2019 WL 5191823, at *7 (D. Idaho Oct. 15, 2019). Some cases from other circuits suggested that § 3553(f)(1) would exclude defendants who met any one factor. *See United States v. Hipp*, 775 F. App'x 120, 121 (4th Cir. 2019) (finding even after First Step Act, defendant was ineligible for

---

[1] Valdiosera's motion does not address whether he meets the other requirements for safety valve relief. *See* 18 U.S.C. § 3553(f)(2) through (f)(5).

United States District Court
Northern District of California

1    safety valve relief because he had incurred five criminal history points); *United States v. Burnett*,

2    No. S1: 20CR0052 (DLC), 2020 WL 1814161, at \*1 (S.D.N.Y. Apr. 9, 2020) (finding defendant

3    ineligible for safety valve relief under § 3553(f)(1)(B) without discussing other factors).

4          Following Valdiosera's sentencing, the Ninth Circuit took up *United States v. Lopez* and

5    read the plain language of § 3553(f)(1) to exclude only those defendants who meet "all three" of

6    factors (A), (B), and (C).   *United States v. Lopez*, 998 F.3d 431, 437 (9th Cir. 2021), *reh'g denied*

7    (9th Cir. 2023).   Valdiosera subsequently brought this motion to vacate, set aside, or correct his

8    sentence pursuant to 28 U.S.C. § 2255.   Dkt. No. 25.   Following the government's opposition,

9    Valdiosera amended the motion to include an ineffective assistance of counsel argument.   Dkt. Nos.

10   45, 50.

11         Valdiosera raises three arguments for modifying his sentence: first, he argues that the Ninth

12   Circuit's *Lopez* decision announced a new rule of substantive law that alters the class of persons the

13   law punishes; second, he argues that failing to apply the Ninth Circuit's interpretation of

14   § 3553(f)(1) to him would violate equal protection; and third, he argues that he received ineffective

15   assistance of counsel when his attorney advised him that he was not eligible for safety valve relief.

16   Dkt. Nos. 25, 45.

17         The government argues that Valdiosera waived and procedurally defaulted his arguments,

18   that any "sentencing disparity" caused by not applying *Lopez* retroactively would not "give rise to

19   an Equal Protection violation of constitutional magnitude," and that Valdiosera has failed to show

20   either that his counsel was ineffective or that he was prejudiced.   Dkt. No. 36 at 7.

21         At the request of the parties, the Court delayed hearing this motion while a petition for

22   rehearing *en banc* was pending in *Lopez.   See* Dkt. Nos. 48, 50, 53–55. Now that rehearing has been

23   denied, the Court sees no reason for further delay.   *See United States v. Lopez*, 998 F.3d 431, 437

24   (9th Cir. 2021), *reh'g denied* (9th Cir. 2023).   A hearing in this case was held on January 27, 2023.

25

26                                           **LEGAL STANDARD**

27         28 U.S.C. § 2255 enables a federal prisoner to move to vacate, set aside, or correct his

28   sentence on the grounds that the "sentence was imposed in violation of the Constitution or laws of

United States District Court
Northern District of California

United States District Court
Northern District of California

1    the United States, or that the court was without jurisdiction to impose such sentence, or that the

2    sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

3    attack."

4

5                                          **DISCUSSION**

6    **I.     Valdiosera waived his right to challenge his sentence except for ineffective assistance**

7    **of counsel.**

8            In his plea agreement, Valdiosera agreed not to collaterally attack his conviction or sentence,

9    including a petition under 28 U.S.C. § 2255, except for claims based on ineffective assistance of

10   counsel. Dkt. No. 27 at 3. "A knowing and voluntary waiver" of the right to bring a 28 U.S.C. §

11   2255 motion is enforceable. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

12   Valdiosera does not challenge that his waiver was knowing and voluntary. *See* Dkt. Nos. 32, 45,

13   49. Valdiosera has therefore waived his right to bring a 28 U.S.C. § 2255 challenge for his first two

14   claims. The Court considers his ineffective assistance of counsel claim, which was carved out of

15   the waiver. Dkt. No. 27 at 3.

16

17   **II.    Valdiosera is not entitled to relief based on ineffective assistance of counsel.**

18          **A.     Valdiosera's counsel was not deficient.**

19          Valdiosera argues that his counsel was ineffective because she incorrectly advised him that

20   he was not eligible for safety valve relief and he was prejudiced as a result. Dkt. No. 45. The Sixth

21   Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668,

22   686 (1984). To prove ineffective assistance of counsel, a defendant must show first "that counsel

23   made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant

24   by the Sixth Amendment," and second, "that the deficient performance prejudiced the defense." *Id.*

25   at 687.

26          The Court must first determine "whether the appellant has identified material, specific errors

27   and omissions that fall outside the 'wide range of professionally competent assistance.'" *United*

28   *States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) (quoting *Strickland*, 466 U.S. at 690). In doing

4

1    so, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range

2    of reasonable professional assistance." *Strickland*, 466 U.S. at 690.   Valdiosera's ineffective

3    assistance of counsel claim rests on his counsel's ultimately incorrect advice that he was ineligible

4    for safety valve relief under the new criteria set forth by the First Step Act.  The question is whether

5    this error was "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant

6    by the Sixth Amendment." *Id.* at 687.

7            "An attorney's ignorance of a point of law that is fundamental to his case combined with his

8    failure to perform basic research on that point is a quintessential example of unreasonable

9    performance under *Strickland*." *Hinton v. Alabama*, 571 U.S. 263, 274 (2014).  However, because

10   an attorney's conduct must be evaluated based on the time it occurred, "ineffective assistance of

11   counsel claims generally cannot be predicated on counsel's failure to anticipate changes in the law."

12   *United States v. Juliano*, 12 F.4th 937, 940 (9th Cir. 2021).  In *United States v. Juliano*, the Ninth

13   Circuit rejected an ineffective assistance of counsel claim based on counsel's failure to inform him

14   of the First Step Act, which was still pending in Congress at the time of his sentencing.  *Id.* at 941.

15           *Lowry v. Lewis*, 21 F.3d 344 (9th Cir. 1994), is especially instructive.  The defendant in

16   *Lowry* was a state prisoner who had been subjected to rectal searches along with several other

17   inmates.  *Id.* at 345.  He was convicted of "promoting prison contraband and possessing dangerous

18   drugs" based on evidence obtained in that search.  *Id.*  The lawyer in his criminal trial had known

19   about a civil rights case the ACLU had filed on behalf of the prisoners but decided not to file a

20   motion to suppress evidence after learning that similar motions had failed.  *Id.*  In a habeas petition,

21   the defendant argued that a motion to suppress would have succeeded based on the favorable

22   decision on a motion in the civil case, although that decision did not come until after the lawyer

23   declined to file a motion to suppress.  *Id.* at 346.  The Ninth Circuit held that the lawyer could not

24   "be required to anticipate [the Ninth Circuit's] decision in this later case."  *Id.*

25           Like the attorney in *Lowry*, the attorney in this case had access to mixed information.  She

26   could not have been expected to anticipate the Ninth Circuit's decision in *United States v. Lopez*

27   when advising Valdiosera on his plea.  At the time Valdiosera pleaded guilty, the issue had been

28   decided in the Ninth Circuit by only two unreported district court decisions, which came out

United States District Court
Northern District of California

1    different ways. *Compare United States v. Lopez*, No. 19-CR-0261-L, 2019 WL 3974124, at \*7 (S.D.

2    Cal. Aug. 21, 2019), *aff'd*, 998 F.3d 431 (9th Cir. 2021) (holding defendant needed to meet all three

3    factors to be excluded), *with United States v. Adame*, No. 1:18-CR-00391-BLW, 2019 WL 5191823,

4    at \*7 (D. Idaho Oct. 15, 2019) (holding defendant only needed to meet one factor to be excluded).

5    To the extent courts in other districts had addressed the issue, they interpreted the statute the same

6    way Valdiosera's attorney did. *See United States v. Hipp*, 775 F. App'x 120, 121 (4th Cir. 2019)

7    (finding even after First Step Act defendant was ineligible for safety valve relief because he had

8    incurred five criminal history points); *United States v. Burnett*, No. S1: 20CR0052 (DLC), 2020 WL

9    1814161, at \*1 (S.D.N.Y. Apr. 9, 2020) (finding defendant ineligible for safety valve relief because

10   under § 3553(f)(1)(B) without discussing other factors).

11       Because there existed no binding case law at the time Valdiosera's attorney advised him,

12   and the weight of law on the issue was in line with her advice, her advice was within the "wide

13   range of professionally competent assistance.'" *Strickland v. Washington*, 466 U.S. 668, 690

14   (1984). Valdiosera's attorney could not have been expected to anticipate the Ninth Circuit's later

15   decision in *United States v. Lopez*. Because he cannot show deficient counsel, Valdiosera's

16   ineffective assistance of counsel claim is denied.

17

18       **B.    Valdiosera has not demonstrated that he suffered prejudice.**

19       Even if Valdiosera's counsel were deficient, Valdiosera has failed to show that he suffered

20   prejudice due to his counsel's performance. To prevail on a Sixth Amendment claim of ineffective

21   assistance of counsel, a defendant must show "a reasonable probability that, but for counsel's

22   unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S.

23   at 694. Valdiosera argues that his criminal history points no longer bar him from safety valve

24   eligibility under § 3553(f)(1). Dkt. No. 45 at 9–10. But to be eligible for safety valve relief, he

25   would also need to show that he met the requirements of § 3553(f)(2) through (f)(5):

26

27       (2) the defendant did not use violence or credible threats of violence or possess a
         firearm or other dangerous weapon (or induce another participant to do so) in
         connection with the offense;
28       (3) the offense did not result in death or serious bodily injury to any person;

6

United States District Court
Northern District of California

1

2

3

4

5

6

> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

7   18 U.S.C. § 3553(f)(2)–(5).  Valdiosera 's briefing is silent as to these factors.  *See* Dkt. No. 45 at

8   9–10; Dkt. No. 49 at 4–5 (addressing prejudice but failing to discuss additional factors).  Nor did

9   Valdiosera address the additional factors at hearing.  *See* Dkt. No. 57.

10   "The defendant bears the burden of proving safety valve eligibility by a preponderance of

11   the evidence." *United States v. Mejia-Pimental*, 477 F.3d 1100, 1104 (9th Cir. 2007).  Because

12   Valdiosera has not shown a reasonable probability – or indeed, any probability – that he would have

13   been eligible for safety valve relief if his counsel had correctly interpreted 18 U.S.C. § 3553(f)(1),

14   the Court is unable to conclude that Valdiosera was prejudiced by his counsel's performance.  *See*

15   *United States v. Walter*, No. 214CR0210JAMCKDP, 2019 WL 1924986, at *5 (E.D. Cal. Apr. 30,

16   2019), *report and recommendation adopted*, No. 214CR0210JAMCKDP, 2019 WL 2162146 (E.D.

17   Cal. May 17, 2019), *aff'd*, No. 19-16056, 2021 WL 5405411 (9th Cir. Nov. 18, 2021) (rejecting

18   ineffective assistance of counsel claim where counsel failed to recognize defendant met

19   requirements of  § 3553(f)(1) but defendant had failed to qualify under § 3553(f)(5)).

20

21                                             **CONCLUSION**

22   For the foregoing reasons, Valdiosera's motion is **DENIED.**

23

24       **IT IS SO ORDERED**.

25   Dated:  January 27, 2023

26   _____

27   SUSAN ILLSTON
     United States District Judge

28